1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JEFFREY VON SUTTON,                    )    1:05cv1109 AWI DLB
                                       )
                                       )
                                       )    FINDINGS AND RECOMMENDATION
                      Plaintiff,       )    REGARDING DISMISSAL OF ACTION
                                       )
      v.                               )
                                       )
JO ANNE B. BARNHART, Commissioner      )
of Social Security,                    )
                                       )
                                       )
                                       )
                      Defendant.       )
_____)

17       On August 30, 2005, Plaintiff, proceeding pro se and in forma pauperis, filed the present

18 action in this Court.  Plaintiff seeks review of the Commissioner's denial of his application for

19 benefits.

20       On August 11, 2006, the Court issued an order to show cause why the action should not

21 be dismissed for Plaintiff's failure to follow the Court's September 6, 2005, scheduling order.

22 Plaintiff was ordered to file a written response within twenty (20) days of the date of service of

23 the order to show cause, but has failed to do so.

24       Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

25 Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

26 and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

27 power to control their dockets and "in the exercise of that power, they may impose sanctions

28 including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d

1

829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  This case has been pending since August 30, 2005.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order of August 11, 2006, requiring Plaintiff to file a written response to the order to show cause, expressly stated that if Plaintiff failed to do so, his

1    action would be dismissed.  Thus, Plaintiff had adequate warning that dismissal would result

2    from non-compliance with the Court's order(s).

3                                                    RECOMMENDATION

4            Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiff's

5    failure to follow the Court's order and failure to prosecute this action.

6            These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,

7    United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and

8    Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District

9    of California.  Within thirty (30) days after being served with a copy, any party may file written

10   objections with the court and serve a copy on all parties.  Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

12   shall be served and filed within ten (10) court days (plus three days if served by mail) after

13   service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

14   28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

15   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

16   F.2d 1153 (9th Cir. 1991).

17

18           IT IS SO ORDERED.

19       **Dated:    September 25, 2006**                   _____ **/s/ Dennis L. Beck**_____
         3b142a                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28